# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY COHEN #58021-037 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1346 |
| ROD ROSENSTEIN, United States Attorney | * | |
| HARRY GRUBER, Asst. United States Attorney | * | |
| JOYCE McDONALD, Asst. United States Attorney | * | |
| KALLIOPI TSERKIS-MULLINS, Postal Inspector, USPS | * | |
| JASON BENDER, Special Agent, FBI | * | |
| Defendants | * | |

***

## **MEMORANDUM**

On June 5, 2015, Jeffrey Cohen, presently incarcerated at the Federal Correctional Institution - Hazelton, appeared before Judge William D. Quarles, Jr. and pleaded guilty to wire fraud, aggravated identity theft, false statements, and obstructing justice (threatening an attorney). He is serving a 444-month sentence. *See United States v. Cohen,* Criminal No. GLR-14-0310 (D. Md.), ECF 389.[1] The conviction and sentence were upheld on appeal on April 25, 2018. *United States v. Cohen*, 888 F.3d 667 (4th Cir. 2018). The mandate issued on May 17, 2018. *Id.*, ECF 684.

While Cohen's appeal was pending, he filed the above-captioned civil action. ECF 1. In particular, he sued two federal prosecutors in the criminal case, Harry M. Gruber and Joyce McDonald, as well as postal inspector Kalliopi Tserkis-Mullins and FBI Agent Jason Bender. In

---

[1] The criminal case was reassigned to Judge George L. Russell, III, due to the retirement of Judge Quarles.

his Complaint, Cohen seeks declaratory and injunctive relief, alleging numerous instances of investigatory and prosecutorial misconduct with regard to search and seizure warrants resulting in the confiscation of assets, including property and bank accounts. ECF 1 at 5-15.[2] Cohen argued that the seizure of those assets precluded him from obtaining counsel of his choosing. *Id.* at 12-13.

Judge Nickerson denied Cohen's motion for injunctive relief. *See* ECF 19 (Order of October 19, 2016). He also entered a stay, pending resolution of the criminal case. ECF 25. Thereafter, Cohen noted an interlocutory appeal as to several rulings of Judge Nickerson. In a per curiam opinion issued on June 8, 2017, the Fourth Circuit upheld the rulings as to the stay; the denial of injunctive relief; and the denial of a motion for reconsideration. ECF 30. And, it dismissed the remaining claim denying Cohen's motion for counsel, for lack of jurisdiction. The mandate followed on July 31, 2017. ECF 31.

Defendants have moved to lift the stay and to dismiss the Complaint. ECF 32. Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk of Court informed Cohen that the defendants had filed a dispositive motion; that Cohen had seventeen days in which to file a written opposition to the motion; and that if Cohen failed to respond, his claims against defendants could be denied without further notice. ECF 34. Cohen failed to respond, and the time for doing so has expired.

Mindful that Cohen is a self-represented litigant, the Court has construed his Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the Complaint is subject to

---

[2] The civil case was originally assigned to Judge William Nickerson. It was reassigned to Judge J. Frederick Motz on September 28, 2017, due to Judge Nickerson's impending retirement. *See* Docket. It was reassigned to me on August 7, 2018.

summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).  By calling his action one for "declaratory relief," Cohen at best is attempting to avoid the Court's previous determination in *Cohen v. Rosenstein, et al.,* Civil Action WDQ-14-3726 (D. Md.) that government prosecutors are entitled to absolute prosecutorial immunity.  *See also Savage v. United States*, ___ F.3d ___, 2018 WL 33982201, at *4 (4th Cir. July 13, 2018).  Cohen's remaining issues of seizure of property were fully resolved in his criminal case.

A civil action for damages or injunctive relief with regard to alleged deficiencies in a criminal case, which necessarily challenges the legality of a conviction, is not cognizable unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U. S. 477, 486-87, 489 (1994).  Cohen's attempt to relitigate the findings with regard to his arrest, conviction, and seizure of assets is not appropriate in this forum, and provides no grounds for relief. Therefore, by separate Order which follows, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §1915(e).

Cohen is hereby advised that, under 28 U.S.C. §1915(g), he will be barred from in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Date:  August 7, 2018  _____/s/_____
Ellen L. Hollander
United States District Judge