# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY COHEN #58021-037 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1346 |
| | | (Related Criminal No.: GLR-14-0310) |
| ROD ROSENSTEIN, United States Attorney | * | |
| HARRY GRUBER, Asst. United States Attorney | * | |
| JOYCE McDONALD, Asst. United States Attorney | * | |
| KALLIOPI TSERKIS-MULLINS, Postal Inspector, USPS | * | |
| JASON BENDER, Special Agent, FBI | * | |
| Defendants | * | |

## MEMORANDUM

This civil case is rooted in the prosecution of Jeffrey Cohen, who is self-represented.

On May 4, 2016, Cohen filed a Complaint For Declaratory Relief , pursuant to 28 U.S.C. § 1319 and Fed. R. Civ. P. 57. ECF 1. He sought declaratory and injunctive relief against the prosecutors and other government law enforcement personnel responsible for the execution of search and seizure warrants in regard to his criminal case. Cohen claimed, *inter alia*, that the warrants resulted in the confiscation of assets that Cohen argues precluded him from obtaining counsel of his choosing. *Id.*

In a Memorandum (ECF 35) and Order (ECF 36) of August 7, 2018, the Court dismissed the suit. Soon after, on August 13, 2018, the Clerk docketed an Amended Complaint. ECF 37.[1]

On October 15, 2018, Cohen filed a "Motion For Relief From Order" (ECF 44, "Motion"),

---

[1] ECF 37 may have crossed in the mail with ECF 35 and ECF 36.

pursuant to Rule 60(b), seeking to vacate ECF 36. He claims that he received the Clerk's "Roseboro Notification" on July 25, 2018, and wrote to Judge William Nickerson, to whom the case was then assigned, seeking an extension. ECF 44. He also alleges that he mailed the Amended Complaint on August 5, 2018, *i.e.*, just before the Court issued ECF 35 and ECF 36. *Id.*

This Memorandum resolves the Rule 60 motion. ECF 44. No hearing is necessary to do so. For the reasons that follow, I shall deny the Motion.

## I.   Background

Cohen is presently incarcerated at the Federal Correctional Institution-Hazelton. On June 5, 2015, Cohen entered a plea of guilty to wire fraud, aggravated identity theft, false statements, and obstruction of justice (threatening an attorney). ECF 389.[2] On December 10, 2015, after several sentencing hearings, Judge William D. Quarles, Jr. sentenced Cohen to a 444-month term of imprisonment. ECF 590; ECF 594 (Judgment); ECF 595 (Statement of Reasons). *See United States v. Cohen,* Criminal No. GLR-14-0310 (D. Md.).[3] The conviction and sentence were upheld on appeal on April 25, 2018. *United States v. Cohen*, 888 F.3d 667 (4th Cir. 2018). The mandate issued on May 17, 2018. *Id.*, ECF 684.

While Cohen's criminal appeal was pending, he filed the underlying case, which was initially assigned to Judge Nickerson.[4] In the civil case, Cohen sued the two federal prosecutors in the criminal case, Harry M. Gruber and Joyce McDonald, as well then-Maryland

---

[2] It appears that the defendant had completed four days of trial before Judge William D. Quarles, Jr. *See* ECF 381, 382, 383, 388. However, the record reflects that Judge J. Frederick Motz took the guilty plea. *See* ECF 389.

[3] The criminal case has since been reassigned to Judge George Russell, III, due to Judge Quarles' retirement.

[4] Judge Nickerson has since retired.

2

United States Attorney Rod Rosenstein, postal inspector Kalliopi Tserkis-Mullins, and FBI Agent Jason Bender. Cohen alleged numerous instances of investigatory and prosecutorial misconduct regarding search and seizure warrants resulting in the confiscation of assets, including property and bank accounts, which Cohen argued precluded him from obtaining counsel of his choosing. ECF 1 at 5-15.

Judge Nickerson denied Cohen's motion for injunctive relief on October 19, 2016, ECF 19, and entered a stay pending resolution of the criminal case. ECF 25. Thereafter, Cohen noted an interlocutory appeal as to several rulings of Judge Nickerson. In a per curiam opinion issued on June 8, 2017, the Fourth Circuit upheld the rulings as to the stay; the denial of injunctive relief; and the denial of a motion for reconsideration. ECF 30. And, it dismissed the claim denying Cohen's motion for counsel. The mandate followed on July 31, 2017. ECF 31.

On September 28, 2017, following Judge Nickerson's retirement, the underlying case was reassigned to the Honorable J. Frederick Motz. On July 2, 2018, defendants moved to lift the stay and filed a motion to dismiss for lack of jurisdiction and for failure to state a claim. ECF 32.

On July 20, 2018, the Clerk of Court issued correspondence to Cohen regarding the government's filing of the motion to dismiss. ECF 34. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk advised Cohen of his right to file a response and of the consequences of failing to do so. *Id.* The letter, mailed to Cohen at his Bruceton Mills, West Virginia prison address, was not returned, and there is no indication that Cohen did not receive it. Indeed, in ECF 44, Cohen acknowledges that he received the notice on July 25, 2018.

The *Roseboro* correspondence also reflects that the case was redesignated as Case "JFM-16-1346." But, in his Motion, Cohen states that on July 25, 2018, he wrote to Judge Nickerson

3

(instead of Judge Motz), asking for a 30-day extension to respond to the government's dispositive motion, because he could to access his legal files due to a prison lock-down. ECF 44, ¶ 2. There is no record of such an extension on the docket.

Thereafter, the case was reassigned from Judge Motz to me. My review of the docket did not reveal an extension request from Cohen or an opposition to the government's dispositive motion. For the reasons stated in my Memorandum dated August 7, 2018 (ECF 35), I granted the government's motion by Order of the same date. ECF 36.

On August 13, 2018, the Clerk docketed Cohen's 11-page "First Amended Complaint For Equitable Relief," seeking, *inter alia*, "to restrict public officers to their lawful and ethical obligations" under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. ECF 37. Mindful that the original lawsuit had been dismissed, I treated the filing as a new action, for a new case: *Cohen v. Gruber, et al.,* Civil Action No. ELH-18-2476 (D. Md.). The case remains open.

By letter dated August 23, 2018, and received on August 27, 2018, Cohen indicated that he had received notice from the Court regarding the Amended Complaint and informing him that Case 16-1346 was closed. The letter was docketed as ECF 4 in Case ELH-18-2476. Cohen also asked whether he could refile the Amended Complaint in Case 16-01346. *Id*.

On September 20, 2018, Cohen submitted correspondence stating he had received the *Roseboro* notice on July 25, 2018. ECF 41. And, he claimed that on the same date, he wrote to Judge Nickerson, requesting an extension of time in which to respond to the government's motion to dismiss, but it was returned because it could not be delivered to Judge Nickerson. ECF 41; ECF 41-1. Cohen also referenced the letter of August 23, 2018, in which he asked to refile his amended complaint, and further stated that he filed a Rule 60 motion. *Id.* However, he failed to attach a copy of the Rule 60 motion that he claimed to have submitted, and it does not appear that such a

motion was received and docketed in this case prior to the submission of the correspondence of September 20, 2018. But, Cohen provided a copy of his letter of July 25, 2018, to Judge Nickerson. ECF 41-2.

On October 15, 2018, Cohen filed a Motion for Relief from Order pursuant to Rule 60(b) (ECF 44), along with his handwritten log indicating various dates of court filings. ECF 44-1. Cohen did not provide an opposition to defendants' dispositive motion, but states that he (1) received the Clerk's *Roseboro* notification on July 25, 2018; (2) instead sought a 30-day extension to respond to the motion, which he allegedly sent to opposing counsel but apparently not to this Court; and (3) thereafter sought to amend his Complaint. ECF 44 at 1.

The government opposes the Motion. ECF 48. Although invited to do so, the government has been unable to provide any prison mail logs or other documents indicating Cohen's receipt of mail from this Court or from counsel for defendants. *Id.*

Also pending is Cohen's "Motion For Judicial Notice Pursuant to FRE 201," filed March 8, 2019. ECF 56. He asks the Court to take judicial notice as to the meaning of various terms, such as "False," "Fraudulent Misrepresentation," and "Inaccurate," among others. There is no reason for the Court to do so.

## II.     Discussion

Cohen's Motion for Relief from Order shall be treated as a Motion for Relief from a Judgment or Order filed pursuant to Fed. R. Civ. P. 60. Rule 60 permits relief from a judgment or order of this court to correct clerical mistakes, oversights, and omissions. *See* Fed. R. Civ. Proc. 60(a). A party may also be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule

59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b).

It is within this court's discretion to grant or deny a motion filed pursuant to Rule 60(b). *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). The rule does not contemplate its substitution for appellate review of a district court's decision. To the extent a party is aggrieved by a judgment and asserts it is void, Rule 60 (b) is not the proper vehicle to mount that challenge. "'[A] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (quoting *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992)) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2862 at 198-200 (1973)).

To be entitled to relief under Rule 60(b), the movant must demonstrate the existence of a meritorious claim or defense. *See Compton v. Alton Steamship Co.*, 608 F. 2d 96, 102 (4th Cir. 1979). When the motion is based on assertions of fraud, misrepresentation, or misconduct, the movant "must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Const. Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981).

Cohen did not file an opposition response to the government's motion. Nor did he properly move for an extension of time to do so. But, he sought to amend his Complaint to include an

entirely new cause of action.  That amendment has been construed as a separate case; the Court directed the Clerk to open a new case containing the claim asserted by Cohen.

Notably, Cohen's Motion for Relief provides no basis for this Court to strike its Memorandum and Order of August 7, 2018, dismissing this lawsuit.  Moreover, because the Court created a new case for Cohen's new claims, there is no prejudice to Cohen from the disposition of this case.  Cohen may proceed with his claims in the new case.

An Order follows.


Date:  April 3, 2019                                              /s/
                                                         Ellen L. Hollander
                                                         United States District Judge